UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| George Cleveland, III,              ) | Civil Action No.: 8:23-cv-03571-RBH |
|                                      ) | |
|     Plaintiff,   ) | |
|                                      ) | |
| v.                                   ) | **ORDER** |
|                                      ) | |
| Codi J. Buchanan, Krystal Garner, and ) | |
| Jen Marcengil,                       ) | |
|                                      ) | |
|     Defendants   ) | |

This matter is before the Court for review of the Report and Recommendation ("R & R") of the United States Magistrate Judge Thomas E. Rogers, III, who recommends summarily dismissing this action without prejudice and without issuance and service of process[1]  *See* ECF No. 10.

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court.  The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.*  However, the Court need not conduct a de novo review when

---

[1] The Magistrate Judge reviewed the complaint and issued the R & R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.).  The Court is mindful of its duty to liberally construe Plaintiff's *pro se* filings.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing "[a] document filed *pro se* is to be liberally construed" (internal quotation marks omitted)).  *But see United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) ("Although courts must liberally construe the claims of *pro se* litigants, the special judicial solicitude with which a district court should view pro se filings does not transform the court into an advocate." (internal citations, quotation marks, ellipsis, and brackets omitted)).

a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

### Discussion

Plaintiff filed his complaint pursuant to 42 U.S.C. § 1983 against Codi J. Buchanan and Krystal Garner, alleged employees of the South Carolina Department of Social Services ("DSS"), and Jena Marcengil, an alleged employee of ArchPoint Labs of Anderson, SC ("ArchPoint"). ECF No. 1. Plaintiff alleges Defendants violated his Fourth and Fourteenth Amendment rights when Defendants Buchanan and Garner took his infant daughter ("Child") to ArchPoint and Defendant Marcengil cut hair from both sides of Child's head to perform a hair strand drug test ("the drug test"). *Id*. At the time of the drug test, DSS had legal custody of Child.[2] *Id*. at ¶ 30–31. Child's drug test was positive for methamphetamine, which resulted in an abuse and neglect case against Plaintiff. *Id*. at ¶ 8. Following several hearings and a merits trial, the family court issued a finding of abuse and neglect against Plaintiff. *Id. at* ¶¶ 55, 58, 64, 73, 75, & 106.

The Magistrate Judge recommended dismissing count two, a claim for a violation of Plaintiff's due process rights, because Plaintiff's own allegations show he had several hearings and a

---

[2] The Family Court granted custody to DSS following a hearing on January 26, 2023. *See* ECF No. 1 at ¶¶ 30–31. *See also* ECF No. 13-1. DSS became involved when a meconium sample taken from Child following Child's birth in October 2022 tested positive for THC. ECF No. 1 at ¶¶ 17–20. On November 23, 2022, DSS indicated physical abuse against Child's mother based on the positive drug test. *Id*. at ¶ 23. DSS subsequently filed a motion for emergency relief requesting legal custody of Child, and a family court judge granted legal custody to DSS following the hearing on January 26, 2023. *Id*. at ¶¶28–31.

2

merits trial on the ultimate issues and because a reasonable interpretation of section 63-7-380 of the South Carolina Code Annotated authorizes a hair test without parental consent. Plaintiff objects, arguing § 63-7-380 is not applicable,[3] and § 63-7-20(16) does not provide a legal guardian the right to have a child drug tested without parental consent. *See* ECF No. 13.

This Court agrees with the Magistrate Judge that based on Plaintiff's own allegations he was provided with due process before DSS was given legal custody of Child and before the subsequent finding of abuse and neglect. *See* ECF No. 1 at ¶¶ 30–31, 55, 58, 64, 73, & 75. To the extent Plaintiff argues he was denied due process because he was not consulted and/or a hearing was not held before the drug test, this Court disagrees. At the time of the drug test, DSS had legal custody of Child. Section 63-7-20(16) defines legal custody as follows:

> "Legal custody" means the right to the physical custody, care, and control of a child; the right to determine where the child shall live; the right and duty to provide protection, food, clothing, shelter, ordinary medical care, education, supervision, and discipline for a child and in an emergency to authorize surgery or other extraordinary care. The court may in its order place other rights and duties with the legal custodian. Unless otherwise provided by court order, the parent or guardian retains the right to make decisions *of substantial legal significance affecting the child*, including consent to a marriage, enlistment in the armed forces, and major nonemergency medical and surgical treatment[.] (emphasis added)

A reasonable interpretation of this statute provides DSS, Child's legal custodian at the time of the drug test, with the ability to drug test Child. When legal custody is granted to a non-parent, the parent retains "the right to make decisions of substantial legal significance affecting the child[.]" § 63-7-20(16). The statute contemplates that decisions such as consent to marriage, enlistment in

---

[3] This Court agrees with Plaintiff that § 63-7-380 may not be applicable. That statute allows mandatory reporters to take photographs of visible areas of trauma on a child and allows physicians to perform radiological or medical examinations on a child without parental consent.

the armed forces, and major nonemergency medical and surgical treatment would be retained by the parent. *Id*. Consent to a hair strand drug test is not a major nonemergency medical treatment and does not have the type of legal significance affecting the child that is contemplated by the statute. While the results of Child's drug test may have ultimately had legal significance affecting *Plaintiff*, the drug test did not have substantial legal significance affecting *Child*. As such, Plaintiff, who did not have legal custody of Child at the time, did not have a due process right related to Child's drug test.[4]

Furthermore, in this case, Child's drug test had a legitimate medical purpose. In October 2022, while Child was in the hospital following her birth, Child's meconium sample tested positive for THC. *See* ECF No. 1 at ¶¶ 17–18. In order to adequately care for Child, her legal custodian would need to know if Child, who was still an infant, had drugs in her system. *See* ECF No. 1 at ¶¶ 17–18. Based on the foregoing, count two is summarily dismissed.

Count one of Plaintiff's complaint alleges Fourth and Fourteenth Amendment violations due to the alleged unreasonable search and seizure of Child's hair for the drug test and count four alleges false imprisonment of Child and Fourth and Fourteenth Amendment violations related to DSS driving Child to ArchPoint for the drug test. The Magistrate Judge recommended dismissal of counts one and four for lack of standing and noted "[Child's] alleged hair injuries are not Plaintiff's injuries." *See* ECF No. 10 at p. 3. Plaintiff objects to this recommendation and argues he has standing to sue because the results of the drug test were used against him in a finding of physical

---

[4] Furthermore, Plaintiff's argument that dismissal of this action would "pave the way for DSS employees in South Carolina to ignore the rights of parents by drug testing their children without their consent, without a court order, or without a search warrant" ignores the fact that DSS had legal custody of Child at the time of the drug test. *See* ECF No. 13 at ¶ 3. This Court's findings are tailored to the facts in this case.

abuse and neglect. *See* ECF No. 13 at pp. 14–17. He contends the warrantless search and seizure of Child's hair is unconstitutional in the absence of parental consent, court order, search warrant, or exigent circumstances. *Id*. & ECF No. 1. This Court agrees with the Magistrate Judge that any claim related to an alleged unreasonable search and seizure or false imprisonment would be as to Child, not Plaintiff.[5][6]

Plaintiff seeks to amend his Complaint to add Child as a Plaintiff and to have counsel appointed for Child. *See* ECF No. 15. Plaintiff contends the warrantless search was exceptional, and he cites to cases finding Fourth Amendment violations when there were suspicionless drug tests of adults without their consent. *See* ECF No. 15; *Ferguson v. City of Charleston*, 532 U.S. 67 (2001)(finding unreasonable searches when obstetrics patients in a state hospital were drug tested without their consent and the results were reported to the police); *Lebron v. Sec'y Fla. Dep't of Children & Fam.*, 710 F.3d 1202 (11th Cir. 2013)(affirming a preliminary injunction that barred mandated consent to suspicionless drug testing to receive benefits through Florida's Temporary Assistance for Needy Families Program); *Chandler v. Miller*, 520 U.S. 305 (1997) (finding Georgia's requirement that candidates for state office pass a drug test did not fit within the category of constitutionally permissible suspicionless searches). However, *those cases are distinguishable*

---

[5] Even if there was an unreasonable search and seizure of Child's hair, that violation would not establish standing for Plaintiff and Plaintiff would not be able to use that violation to stop the evidence obtained from the drug test from being used against him. *See United States v. Payner*, 477 U.S. 727, 735 (1980) ("[T]he interest in deterring illegal searches does not justify the exclusion of tainted evidence at the instance of a party who was not the victim of the challenged practice.")

[6] To the extent Plaintiff argues that § 1983 confers standing, this argument is without merit because"[i]njury in fact is a constitutional requirement, and '[i]t is well settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (quoting *Raines v. Byrd*, 521 U.S. 811, 820 n. 3 (1997)); *see also Albright v. Oliver*, 510 U.S. 266 (1994) (noting § 1983 "is not itself a source of substantive rights")(cleaned up). A plaintiff suing under § 1983 still has to meet the standing requirements.

5

*from the case at hand because Child was in the legal custody of DSS when DSS employees took Child to be drug tested.* As such, there was not an unreasonable search or seizure of Child's hair, and Plaintiff's attempt to amend the Complaint to add Child as a Plaintiff would be futile. *See United States. v. Stephens*, 764 F.3d 327 (4th Cir. 2014)(noting "a search occurs for constitutional purposes only when an expectation of privacy that society is prepared to consider reasonable is infringed."(internal quotation marks omitted)). Likewise, because DSS had physical custody of Child at the time of the drug test, any claim of false imprisonment as to Child is without merit, and amendment would be futile. *See* § 63-7-20(16)("Legal custody" means the right to the physical custody . . ."); *see also* § 63-7-20(20)("'Physical custody' means the lawful, actual possession and control of a child.") Based on the foregoing, counts one and four are summarily dismissed, and Plaintiff's Motion to Amend is denied..[7]

In Count Three, Plaintiff alleges tampering with evidence and a due process violation related to his allegedly not being provided with evidence of a photograph before the family court proceedings even though Defendant Buchanan allegedly had the photograph at least thirty days prior to the proceedings. *See* ECF No. 1 at ¶¶ 113-126. The Magistrate Judge found these allegations were barred by the *Rooker-Feldman* doctrine because the relief requested would require a declaration that the state court orders were invalid or improper. Plaintiff objects to that finding.

---

[7] Alternatively, this Court also notes that abstention is appropriate as to counts one, two, and four. Plaintiff contends he is not requesting this court to null and void the family court judgment, and he argues his abuse and neglect case is separate from this action such that the *Rooker-Feldman* doctrine would not apply. *See* ECF No. 23 at pp. 23–27. However, because Plaintiff contends the finding of abuse and neglect was "based solely on the unlawful search of [Child's] hair" the cases are "inextricably intertwined" *See* ECF No. 13 at ¶ 83; *see also Davani v. Va Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006)("[T]he *Rooker-Feldman* doctrine applies . . . when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself."); *see also Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997)(noting the prohibition includes "constitutional claims that are inextricably intertwined with questions ruled upon by a state court.").

However, this Court finds summary dismissal is appropriate because there is no constitutional right to inculpatory information. In criminal cases, the Supreme Court has found that "suppression . . . of evidence favorable to an accused" violates due process. *Brady v. Maryland*, 373 U.S. 83 (1963). To demonstrate a *Brady* violation, "the proponent must show that the undisclosed evidence was . . . favorable to him either because it is exculpatory, or because its impeaching." *United States v. Taylor*, 942 F.3d 205, 225 (4th Cir. 2019). Such a right has not been extended to civil actions, and even if it were, Plaintiff has not alleged that the photograph in question was exculpatory. *See* Rule 25, SCRFC ("[P]arties shall be allowed to engage in . . . discovery according to the South Carolina Rules of Civil Procedure.") Even if the alleged withholding of the photograph violated some procedural rule, that alone does not rise to the level of a constitutional violation, and this count is subject to summary dismissal.

To the extent Plaintiff's complaint may be read to include claims pursuant to state law, this Court declines to exercise supplemental jurisdiction over any such claims pursuant to 28 U.S.C. § 1367(c).[8]

### Conclusion

Based on the foregoing, this Court **ADOPTS AS MODIFIED** the Magistrate Judge's R&R [ECF No. 10] and **DISMISSES** this action *without prejudice* and without issuance and service of process. This Court also **DENIES** Plaintiff's Motion to Amend. *See* ECF No. 15.

**IT IS SO ORDERED.**

Florence, South Carolina　　　　　　　　　　　　　　　　s/ R. Bryan Harwell
May 23, 2024　　　　　　　　　　　　　　　　　　　　　R. Bryan Harwell
　　　　　　　　　　　　　　　　　　　　　　　　　　　Chief United States District Judge

---

[8] The Court declines to address the remaining findings in the R&R and Plaintiff's objections to them because the foregoing is dispositive of this action.